# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:22-CR-00164-JDK** |
| **vs.** | § | |
| | § | |
| | § | |
| **BRANDON TERRELL BRIGGS (1)** | § | |
| | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On May 8, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

### *Background*

After pleading guilty to the offense of Coercion and Enticement, a Class C felony, Defendant Brandon Terrell Briggs was sentenced on March 27, 2024, by United States District Judge Jeremy D. Kernodle. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 14 and a criminal history category of V, was 33 to 41 months. The Court sentenced Defendant to imprisonment for a term of 41 months, followed by a 5-year term of supervised release subject to the mandatory and standard conditions of release, plus special conditions to include financial disclosure, no new credit charges or additional lines of credit, drug aftercare, sex offender treatment, polygraph testing, periodic psycho-physiological assessments and/or testing, no sexually explicit material, search, not communicate with victims, refrain from the purchase, possession, or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment, must not use or

own any device that can be connected to the internet or used to store digital materials, notify his probation officer of any electronic communication device he uses within 72 hours, monitoring software, not attempt to remove, tamper with, or in any way circumvent the monitoring software, and a JVTA Assessment in the amount of $5,000. The Court modified Defendant's conditions on January 14, 2026 to include placement in a residential reentry center for up to 180 days. On January 23, 2026, Defendant completed his term of imprisonment and started service of his term of supervised release.

### *Allegations*

In the Second Amended Petition seeking to revoke Defendant's supervised release, filed on April 28, 2026, United States Probation Officer Laura Palafox alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 6): The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, are a student, or was convicted of the qualifying offense.** It is alleged that Defendant failed to report online identifiers to the Sex Offender Registrar at the Henderson County Sheriff's Office on February 25, 2026.

2. **Allegation 2 (standard condition 2): After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when he must report to the probation office, and he must report to the probation officer as instructed.** It is alleged that Defendant failed to report to the probation office as directed on March 12, 2026.

3. **Allegation 3 (standard condition 4): The defendant must answer truthfully the questions asked by the probation officer.** It is alleged that Defendant was dishonest with the probation officer on February 5, 2026 about the incident that led to his unsuccessful discharge from the Residential Reentry Center.

4. **Allegation 4 (special condition 7): The defendant must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term" sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. The defendant must provide the probation officer with access to any requested financial information to determine**

2

**if you have purchased, viewed, or possessed sexually explicit material.** It is alleged that Defendant was arrested by the U.S. Marshal Service on March 17, 2026, and an unauthorized phone was confiscated. A review of the phone revealed sexually explicit material was stored on the device.

5. **Allegation 5 (special condition 10): The defendant must also refrain from the purchase, possession, or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment.** It is alleged that Defendant possessed a cellular telephone with a functioning camera feature on March 17, 2026.

6. **Allegation 6 (special condition 11): The defendant must not use or own any device (whether or not at his place of employment, residence, or elsewhere), that can be connected to the internet or used to store digital materials, other than that authorized by the probation officer. This includes, but is not limited to, desktop computers, laptops, PDAs, electronic games, and cellular telephones. The defendant must not use any device other than the one he is authorized to use. He must allow the probation officer access to any device he is authorized to use.** It is alleged that Defendant possessed a cellular telephone on February 5, 2026 and March 17, 2026 that was not authorized by the probation officer.

7. **Allegation 7 (special condition 12): The defendant must immediately notify the probation officer of any electronic communications device he uses (such as a cellular telephone) within 72 hours of acquiring the device and allow the probation officer access to any such device at any time.** It is alleged that on or about January 23, 2026, through March 17, 2026, Defendant possessed a cellular telephone and failed to notify his probation officer about the device.

8. **Allegation 8 (special condition): The defendant must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and must observe the rules of that facility. Should the defendant obtain a residence approved by the probation officer during the 180-day placement, he must be released.** It is alleged that Defendant was unsuccessfully discharged from the residential reentry center on February 5, 2026.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the

present case, Defendant's original offense of conviction was a Class C felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 2 years.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, Defendant is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was V.  The guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 7 to 13 months.

### *Hearing*

On May 8, 2026, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Alan Jackson announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 4 of the petition, and to jointly request a sentence of imprisonment for a term of 12 months and 1 day to be followed by a 3-year term of supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 4 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 of the petition is true.  Defendant is guilty of a Grade C supervised release violation.  I further find and conclude that Defendant's term of supervised release should

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

be revoked and that he should be sentenced to imprisonment for a term of 12 months and 1 day to be followed by a 3-year term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 of the Second Amended Petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 12 months and 1 day to be followed by a 3-year term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 12 months and 1 day to be followed by a 3-year term of supervised release.

So ORDERED and SIGNED this 8th day of May, 2026.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

5